NEWMAN, Circuit Judge,
dissenting from the denial of the petition for rehearing en banc.
I would have preferred to hear argument, with further briefing, to settle this question of statutory interpretation by the en banc court. The answer to the question does not appear to be as clear as suggested by my colleagues on both sides.
As pointed out in the panel decision, our decision in Canadian Fur Trappers Corp. v. United States, 884 F.2d 563 (Fed.Cir.1989), did not explicitly reference 26 U.S.C. § 6622, but can be read as binding the court as to the interpretation of that statute. The panel now suggests that Canadian Fur was wrongly decided, and cites the Eleventh Circuit’s contrary interpretation in Carriers Container Council, Inc. v. Mobile S.S. Association, Inc., 948 F.2d 1219 (11th Cir.1991). In my view, these circumstances warrant review by the en banc court to either bring our precedent in line with our sister circuit or defend its correctness.
The issue is whether the requirement to pay interest under any statute that specifies a rate of interest by reference to 26 U.S.C. § 6621 necessarily includes the requirement in § 6622 that such interest be compounded daily. Section 6622 of the Internal Revenue Code provides:
(a) General rule. — In computing the amount of any interest required to be paid under this title or sections 1961(c)(1) or 2411 of title 28, United States Code, by the Secretary or by the taxpayer, or any other amount determined by reference to such amount of interest, such interest and such amount shall be compounded daily.
26 U.S.C. § 6622(a). My colleagues, in proposing en banc review, argue that § 6622 governs only the computation of interest due or required to be paid under Title 26 or 28 U.S.C.1961(c)(l) or 2411. The Eleventh Circuit reasoned in Carriers Container that § 6622 governed only “the method, formula, or procedure of the interest calculation,” 948 F.2d at 1225, and thus a statute’s reference to the rate of § 6621 did not implicate the “method or formula” of § 6622. However, neither position gives weight to § 6622’s requirement that “any other amount determined by reference to such amount of interest” must also be compounded daily.
The statute under which Raytheon was required to pay interest, 41 U.S.C. § 422(h)(4), provides: “The interest rate applicable to any contract price adjustment shall be the annual rate of interest established under section 6621 of Title 26 for such period.” There is no question that § 422(h)(4) sets a “rate” of interest by reference to 26 U.S.C. § 6621, which provides interest rates for overpaid or underpaid taxes. The question is whether determining the amount of interest in this *1367 way constitutes determining an amount of interest by reference to “the amount of any interest required to be paid under [title 26] or sections 1961(c)(1) or 2411 of title 28, United States Code,” the antecedent basis for “such amount of interest” in the “any other amount” clause of § 6622. Should “amount” here be interpreted to mean only a specific sum calculated under one of these provisions in specific circumstances, or does it refer to the overpaid or underpaid taxes referenced in § 6621, which are required to be paid under Title 26?
The legislative history of § 6622 goes a long way in resolving ambiguity. The Senate Report states that “[u]nder present law, interest payable to or by the United States under the internal revenue laws is not compounded.” S.Rep. No. 97-494, vol. 1, at 305 (1982). The change in law is explained:
Under the Committee bill, all interest payable under the internal revenue laws will be compounded daily. This adjustment will conform computation of interest under the internal revenue laws to commercial practice. The change will also offset any other amounts computed by reference to the interest rate provided for in the code.
Id. (emphasis added). Though the meaning of the word “offset” is unclear in this context, the Conference Report makes the point more clearly:
All interest payable under the internal revenue laws would be compounded daily. The change would also affect any other amounts computed by reference to the interest rate provided for in the Code.
H.R.Rep. No. 97-760, at 595 (1982) (Conf. Rep.). Both reports state that § 6622 is meant to affect any other amounts of interest computed in accordance with the rate in the Internal Revenue Code, including the rates provided in § 6621. The concerns expressed in the Senate Report about failure to compensate the government and taxpayers for the value of money owed to them would apply to other contexts where the government is determined to owe interest to citizens or vice versa. Thus it is at least likely that reference to the interest rates provided in § 6621 are intended to be computed as set forth in § 6622.
Raytheon’s argument, pressed by my fellow colleagues in dissent, is that this interpretation cannot be correct because it could be considered to render § 6622’s reference to 28 U.S.C. §§ 1961(c)(1) & 2411 unnecessary. Superfluous language serves no purpose, but I can envision a legislative purpose in specifically referencing §§ 1961(c)(1) and 2411 in § 6622 rather than relying on the catch-all provision alone to necessitate compounding. It would be permissible, for example, to require that interest under §§ 1961(c)(1) and 2411 be compounded whether or not those statutes continue to reference the rates provided in § 6621. To resolve the uncertainties raised by litigants, the government, and my colleagues in dissent, en banc consideration is warranted.
From the court’s determination not to examine this issue, I respectfully dissent.